IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREYMORR REAL ESTATE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:19-cv-466-ECM |
| | ) | (WO) |
| STANLEY D. FOSTER, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now before the Court are motions by Plaintiff Greymorr Real Estate, LLC ("Greymorr") for default judgment against Defendant Stanley D. Foster. (Doc. 13 & 21).

On May 30, 2019, the Plaintiff filed suit against Stanley D. Foster ("Foster"), the United States of America, and the State of Alabama Department of Revenue in the Circuit Court of Montgomery County, Alabama (collectively "Defendants"). (Doc. 1-1). The case was removed to federal court by the United States on the basis of 28 U.S.C. § 1441, 1444, and 1446, because the United States is a party to this quiet title action. (Doc. 1).

Greymorr alleges in its complaint that the Defendants have an interest in, or have an interest that clouds title to, the real property located at 2212 Semahat Drive, Montgomery, Alabama, 36106. Greymorr alleges that on April 9, 2013, the Probate Court of Montgomery County decreed that the property be sold for unpaid taxes and alleges that the property was sold on June 5, 2013 to Nebraska Alliance. (Doc. 1-1). Greymorr attaches to the complaint the tax deed. (Doc. 1-1). A quitclaim deed subsequently was

issued to Greymorr. (Doc. 1-1 at 2). Greymorr alleges that all proceedings regarding the initial sale on June 5, 2013, the issuance of the tax deed, and the issuance of the quitclaim deed were completed in conformity with Alabama law. (Doc. 1-1 at 3).

Foster failed to file an answer or otherwise appear in this lawsuit within the time limits set forth in the Federal Rules of Civil Procedure. Accordingly, on September 6, 2019, the Clerk entered a default against Foster. (Doc. 26). On August 29, 2019, Greymorr filed a Motion for Default Judgment (doc. 21), requesting that judgment be entered in its favor against Foster. Foster did not file a response to the Greymorr's default judgment motion within the time given by the Court in its order to show cause why the motion ought not be granted. (Doc. 28). For reasons to be discussed, the motion for default judgment is due to be GRANTED.

## II. JURISDICTION and VENUE

This Court possesses subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 1444, because the United States is a party to this action to quiet title. 28 U.S.C. § 2410. Personal jurisdiction and venue are uncontested.

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Further, "[i]f the plaintiff's claim is for a sum certain . . . the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against

a defendant who has been defaulted for not appearing . . .." FED.R.CIV.P. 55(b)(1).

Once a default has been entered, "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu v. Const. Co., Ltd. V. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A district court need not hold a hearing to determine damages when "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 & n.13 (11th Cir. 2005).

## IV. DISCUSSION

In support of its motion for default judgment, in addition to the allegations of the complaint, Greymorr submits an affidavit of Theresa Laughlin ("Laughlin"), Vice President of Greymorr. (Doc. 21-3). In this affidavit, Laughlin attests that the Montgomery County Tax Collector sold to Nebraska Alliance Realty Company property with a Parcel Identification Number of 03-10-08-27-01-003-024.054. (Doc. 21-3 at 2-3). She further attests that Nebraska Alliance Realty Company transferred its interest by quitclaim deed to Greymorr. (Doc. 21-3 at 3). She further states that no one has redeemed the property from the June 5, 2013 tax sale. (Doc. 21-3 at 3).

Greymorr's allegations in the complaint and the supporting evidence concerning the sale of the property provide a sufficient basis for the Court to enter default judgment against Foster. *See McGuire v. Rogers*, 794 So. 2d 1131, 1138 (Ala. Civ. App. 2000) (stating that "[o]ne claiming under a tax title bears the burden of proving compliance with each and every requirement as to assessment, failure to pay taxes, giving of notice, holding of sale

and execution of the tax deed."). The motion for default judgment is, therefore, due to be GRANTED.

## V.     CONCLUSION

Accordingly, it is ORDERED that the Plaintiff's Motions for Default Judgment (doc. 13 & 21) are GRANTED against Defendant Stanley D. Foster and it is DECLARED as follows:

1.     As against any claim of Stanley D. Foster and all who claim title under Stanley D. Foster, Greymorr Real Estate, LLC, is the owner in fee simple and is entitled to the immediate, exclusive, and peaceable possession of the real property located in Montgomery County, Alabama, which is more particularly described as follows: Montgomery County Parcel I.D.: 03-10-08-27-01-003-024.054; legal description:   Lot 4, Block O, according to the Map of Green Acres Plat No. 22, as said Map appears of record in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 35, Page 234 ("the Property").

2.     As against any claim of Stanley D. Foster and all who claim title under Stanley D. Foster, all proceedings regarding the sale of the Property for taxes on June 5, 2013 (the "Tax Sale"), the subsequent issuance of a tax deed of the Property to Nebraska Alliance Realty Company, and Nebraska Alliance Realty Company's conveyance of the Property to Greymorr, were completed in conformity with Alabama law.

3.     Any title or interests claimed by Stanley D. Foster in the Property is QUIETED in favor of Greymorr Real Estate, LLC.

4.   The claims of Stanley D. Foster and all who claim title under Stanley D. Foster in and to the Property are without any right.

5.   Stanley D. Foster has no right of redemption from the Tax Sale, no estate, no title, no lien, nor interest in or to the Property or any part of the Property.

6.   Stanley D. Foster and all persons claiming under Stanley D. Foster are permanently enjoined from asserting any estate, right of redemption, title, lien, or interest in or to the Property or any part of the Property.


DONE this 23rd day of October, 2019.


/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE